UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LINDA MOORE,                                        COMPLAINT

                        Plaintiff,

    -against-

GEORGE DANIEL PEREZ, UNITED STATES              JURY TRIAL DEMANDED,
POSTAL SERVICE, and CONSTANCE ADELL
BELL,
                        Defendants.
-----------------------------------------------------------------X

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the negligence of the herein Defendants resulting in personal injuries to the herein Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this dispute because this Complaint seeks damages in excess of $75,000.00 dollars, exclusive of interest and attorneys' fees.

3. The various negligent acts set forth in the instant Complaint occurred in the State of New York, County of Richmond.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1346(b) and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b), (c) and (e).

6. This action falls within one or more of the exemptions set forth in N.Y. Civ. Proc. L. & R. § 1602.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## NOTICE OF CLAIM

8. On or about February 1, 2021, a Notice of Claim respective to the claims underlying the instant Complaint was filed with Defendant United States Postal Service ("USPS") in compliance with the Federal Tort Claims Act and 28 U.S.C. § 2675.

9. Defendant USPS has failed to make final disposition of said claim within six months after its filing.

10. Said failure constitutes a denial of the claim for purposes of 28 U.S.C. § 2675(a).

11. The instant Complaint seeks monetary compensation in the amount of $5,000,000.00 as is consistent with the aforementioned filed Notice of Claim.

## PARTIES

12. Plaintiff, LINDA MOORE, ("Moore") was and is a resident of the County of Queens, State of New York.

13. Defendant USPS is a federal department, agency, and/or organization of and/or organized under the laws of the United States of America.

14. At all times relevant herein, Defendant GEORGE DANIEL PEREZ ("Defendant Perez") was an employee and/or agent of Defendant USPS.

15. At all times relevant herein, Defendant Perez was acting within the scope of his employment with Defendant USPS.

16. Defendant Perez is sued in his official capacity.

17. Defendant, CONSTANCE ADELL BELL ("Bell") was and is a resident of the County of Richmond, State of New York.

## STATEMENT OF FACTS

18. At all times relevant herein, Defendant USPS was the owner of a United States Postal Truck vehicle baring plate number 8203216 ("Vehicle One").

19. At all times relevant herein, Defendant Bell was the driver of a 2015 GMC motor vehicle ("Vehicle Two").

20. On January 11, 2021, Defendant Perez was driving Vehicle One at/near 142 Longview Road in Staten Island, New York ("Location of Collision").

21. On January 11, 2021, Defendant Perez was driving Vehicle One with the permission and knowledge of Defendant USPS, its supervisors, employees, and/or agents.

22. On January 11, 2021, Defendant Bell was driving Vehicle Two at the Location of Collision.

23. On January 11, 2021, Defendant Bell was lawfully operating Vehicle Two as the vehicle registrant of Vehicle Two.

24. On January 11, 2021, the Plaintiff, Moore, was the passenger in 2015 GMC motor vehicle ("Vehicle Two"), on or near 142 Longview Road in Staten Island, New York ("Location of Collision").

25. 17. On or about January 11, 2021, the Plaintiff, Moore, was lawfully present as a passenger of the aforementioned vehicle number two, at or near the aforementioned location.

26. On January 11, 2021, Vehicle One and Vehicle Two were involved in a collision while on 142 Longview Road, Staten Island, New York, at or about the Location of Collision.

## FIRST CAUSE OF ACTION

27. Ms. Moore repeats, reiterates and realleges each and every allegation as if fully set forth herein.

28. At all times relevant herein, Defendant Perez owed a duty to exercise reasonable care in the operation and/or use of Vehicle One to the other individuals on public roadways and her passengers.

29. Defendant Perez breached his duty of care to other individuals on the above-described public roadways, and in particular to Ms. Moore, as Defendant Perez was negligent and careless in the operation and/or use of Vehicle One.

30. Defendant Perez was negligent, *inter alia*, in his failure to drive the subject vehicle in a safe and reasonable manner; failure to drive the subject vehicle in compliance with state and local traffic laws; failure to keep an adequate and proper lookout; failure to stop for vehicles in the road; failure to avoid the collision with Vehicle Two; failure to react in a timely manner to avoid the collision with Vehicle Two; and other acts of negligence to be determined through discovery.

31. As a direct, foreseeable, and proximate result of the negligence of Defendant Perez, Ms. Moore suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability.

32. As a direct, foreseeable, and proximate result of the negligence of Defendant Perez, Ms. Moore sustained injuries including, but not limited to: **lumbar facet arthropathy, lumbago, lumbar facet joint injection – levels injected at L5 ramus, L4/5, L5/S1 - right, lumbar trigger point injection, sacroiliitis, sacroiliac dysfunction, sacroiliac joint injection with fluoroscopic guidance – right, sacroiliac joint pain, epidurography, osteoarthritis/ DJD of hip with occasional inflammatory synovitis and effusion, Labral Tear, Hip Pain persistent despite NSAID use, opioid analgesics, test, and therapeutic exercise, right hip injection via fluoroscopic guidance, L4-5 right foraminal HNP with stenosis, cervical disk herniation, C3-7 herniations with cord impingement at C5-7, lumbar disc herniation,** aggravation and

exacerbation of prior injuries and conditions; and other serious injuries to be determined through discovery.

33. As a further direct and proximate result of the negligence of Defendant Perez, Ms. Moore has incurred medical expenses for her care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future.

## SECOND CAUSE OF ACTION

34. Ms. Moore repeats, reiterates and realleges each and every allegation in the First Cause of Action as if fully set forth herein.

35. At all times relevant herein, Defendant Perez was driving Vehicle One with the express permission of Defendant USPS.

36. At all times relevant herein, Defendant Perez was driving Vehicle One with the implied permission of Defendant USPS.

37. At all times relevant herein, Defendant Perez drove Vehicle One while engaging in his duties and/or business for, on behalf of, and at the direction of Defendant USPS.

38. At all times relevant herein, Defendant USPS was in possession, custody and/or control of Vehicle One.

39. At all times relevant herein, Defendant USPS owed a duty to exercise reasonable care in the ownership, entrustment, maintenance, operation, and/or use of Vehicle One for the benefit of other individuals on public roadways and its passengers.

40. Defendant USPS breached its duty of care to other individuals on the above-described public roadways, and in particular to Ms. Moore, as it was negligent and careless in the ownership, maintenance, entrustment, operation, and/or use of Vehicle Two.

41. Defendant USPS was negligent directly and/or through the conduct of Defendant Perez, and under the doctrine of *respondeat superior*.

42. Defendant USPS was additionally negligent in, *inter alia*, its negligent maintenance of Vehicle One, negligent entrustment of Vehicle One to Defendant Perez, and other acts of negligence to be determined through discovery.

43. As a direct, foreseeable, and proximate result of the negligence of Defendant USPS, Ms. Moore suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability.

44. As a direct, foreseeable, and proximate result of the negligence of Defendant USPS, Mr. Moore sustained injuries including, but not limited to: **lumbar facet arthropathy, lumbago, lumbar facet joint injection – levels injected at L5 ramus, L4/5, L5/S1 - right, lumbar trigger point injection, sacroiliitis, sacroiliac dysfunction, sacroiliac joint injection with fluoroscopic guidance – right, sacroiliac joint pain, epidurography, osteoarthritis/ DJD of hip with occasional inflammatory synovitis and effusion, Labral Tear, Hip Pain persistent despite NSAID use, opioid analgesics, test, and therapeutic exercise, right hip injection via fluoroscopic guidance, L4-5 right foraminal HNP with stenosis, cervical disk herniation, C3-7 herniations with cord impingement at C5-7, lumbar disc herniation,** aggravation and exacerbation of prior injuries and conditions; and other serious injuries to be determined through discovery.

45. As a further direct and proximate result of the negligence of Defendant USPS, Ms. Moore has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

### THIRD CAUSE OF ACTION

46. Ms. Moore repeats, reiterates and realleges each and every allegation in the First and Second Cause of Action as if fully set forth herein.

47. At all times relevant herein, Defendant Bell owed a duty to exercise reasonable care in the ownership, operation and/or use of Vehicle Two to the other individuals on public roadways and her passengers.

48. Defendant Bell breached her duty of care to other individuals on the above-described public roadways, and in particular to Ms. Moore, as Defendant Bell was negligent and careless in the ownership, operation and/or use of Vehicle Two.

49. Defendant Bell was negligent, *inter alia*, in her failure to drive the subject vehicle in a safe and reasonable manner; failure to drive the subject vehicle in compliance with state and local traffic laws; failure to keep an adequate and proper lookout; failure to stop for vehicles in the road; failure to avoid the collision with Vehicle One; failure to react in a timely manner to avoid the collision with Vehicle One; and other acts of negligence to be determined through discovery.

50. As a direct, foreseeable, and proximate result of the negligence of Defendant Bell, Ms. Moore suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability.

51. As a direct, foreseeable, and proximate result of the negligence of Defendant Bell, Ms. Moore sustained injuries including, but not limited to: **lumbar facet arthropathy, lumbago, lumbar facet joint injection – levels injected at L5 ramus, L4/5, L5/S1 - right, lumbar trigger point injection, sacroiliitis, sacroiliac dysfunction, sacroiliac joint injection with fluoroscopic guidance – right, sacroiliac joint pain, epidurography, osteoarthritis/ DJD of hip with occasional inflammatory synovitis and effusion, Labral Tear, Hip Pain persistent despite NSAID use, opioid analgesics, test, and therapeutic exercise, right hip injection via fluoroscopic guidance, L4-5 right foraminal HNP with stenosis, cervical disk herniation, C3-7 herniations with cord impingement at C5-7, lumbar disc herniation**, aggravation and exacerbation of prior injuries and conditions; and other serious injuries to be determined through discovery.

52. As a further direct and proximate result of the negligence of Defendant Bell, Ms. Moore has incurred medical expenses for her care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Reasonable attorneys' fees, costs and interest; and

(c) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 2, 2021

*/s/ Marcia Raicus/*
MARCIA RAICUS, Esq.
KRENTSEL GUZMAN HERBERT, LLP
Attorneys for Plaintiff
17 Battery Place, Suite 604

New York, NY 10004
Phone: (212) 227-2900
Fax: (212) 227-3881
wdurbec@kglawteam.com

# CERTIFICATE OF MERIT

MARCIA RAICUS, being duly sworn deposes and states the following to be true under the penalties of perjury:

I am an attorney duly admitted to practice law in the State of New York. I am counsel for the Plaintiffs in this matter.

I have reviewed the facts of the case and have consulted with at least on physician who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of this review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       September 2, 2021

_____
MARCIA RAICUS, Esq.
KRENTSEL GUZMAN HERBERT, LLP
17 Battery Place, STE 604
New York, New York 10004
(212) 227-2900

## ATTORNEY VERIFICATION

MARCIA RAICUS, an attorney at law, duly admitted to practice in the Courts of the State of New York and EASTERN DISTRICT of NEW YORK, affirms under penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged herein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

Dated: New York, New York
       September 2, 2021

_____
MARCIA RAICUS, ESQ.

Index No.:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
===========================================================

LINDA MOORE

                 Plaintiff(s),

-against-

GEORGE DANIEL PEREZ, UNITED STATES
POSTAL SERVICE, and CONSTANCE ADELL
BELL,

                 Defendant(s).
===========================================================

**SUMMONS & COMPLAINT**
===========================================================

KRENTSEL GUZMAN HERBERT, LLP
17 Battery Place, Suite 604
New York, New York 10006
(212) 227-2900
===========================================================

To
Attorney(s) for
===========================================================

Service of a copy of the within

         is hereby admitted.

Dated,

Attorney(s) for    _____
===========================================================

PLEASE TAKE NOTICE:
☐ **NOTICE OF ENTRY**
  that the within is a (certified) true copy of a
  duly entered in the office of the clerk of the within name court on
19
☐ **NOTICE OF SETTLEMENT**
  that an order             of which the within is a true copy
  will be presented for settlement to the HON.   one of the judges of the
  within named Court, at
  on       19     at     M.
Dated,

                Yours, etc.
          **KRENTSEL GUZMAN HERBERT, LLP**
===========================================================