# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 21-CV-4971 (RER) (PK)

———————————

LINDA MOORE

VERSUS

UNITED STATES OF AMERICA, ET AL.

———————————

**MEMORANDUM AND ORDER**

March 10, 2025

———————————

**RAMÓN E. REYES, JR., United States District Judge:**

Plaintiff Linda Moore ("Moore" or "Plaintiff") brought this negligence action against defendants United States of America, United States Postal Service ("USPS"), and USPS employee George Daniel Perez ("Perez") (collectively "Government Defendants"), as well as against defendant Constance Adell Bell ("Bell"). The case involves an accident between motor vehicles driven by Perez and Bell. Moore, who is Bell's aunt, was a front seat passenger in Bell's vehicle. Bell has moved for summary judgment, arguing that there is no genuine dispute as to any material fact that she was not negligently operating her vehicle at the time of the accident. (ECF Nos. 62–63 ("Bell's Mot.")). Moore opposes Bell's motion and has cross moved for sanctions for Bell's filing a purportedly frivolous motion. (ECF No. 64 ("Moore's Opp.")). After carefully reviewing the record and for the reasons stated below, Bell's motion for summary judgment is **GRANTED** and Bell's cross-motion for sanctions is **DENIED**.

**BACKGROUND**

I. Factual Background

The salient facts are not in dispute.[1] Indeed, the accident was captured on a video recording from Bell's vehicle's dashboard camera. (ECF No. 63, Ex. F ("Bell Video")).

On January 11, 2021, sometime between 6:00–7:00 P.M., Bell was driving her vehicle down Longview Road, a dark, narrow two-way road in Staten Island, New York. (Def. Bell's 56.1 Statement ("Bell 56.1") ¶¶ 1–5). Moore was a front seat passenger. (Bell 56.1 ¶¶ 2–3). Along their journey, Bell and Moore came upon a USPS truck driven by Perez. (Bell 56.1 ¶ 8). As Bell and Moore rode behind the USPS truck, Perez activated his right turn signal, pulled over to the far righthand side of the road, and then began to brake. (Bell 56.1 ¶¶ 9–11).

As Perez pulled over the right, applied his breaks and looked to be coming to a stop, Bell attempted to pass Perez on the left. (Bell 56.1 ¶¶ 12–14). Just after Bell began to pass and was alongside Perez's vehicle, Perez abruptly, and without activating his left turn signal, turned to the left to make a U-turn. (Bell 56.1 ¶ 15).[2] Bell honked her horn, but Perez, who is deaf, did not hear the horn and continued the attempted U-turn. Then, the

---

[1] These undisputed material facts are taken from Bell's Local Rule 56.1 statement of undisputed facts. (ECF No. 63-1). Local Civil Rule 56.1(a) requires that all motions for summary judgment be "accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. . .." Contrary to Local Rule 56.1(b), Moore did not file a counter statement in response. Loc. Civ. R. 56.1(b) (opposing party must submit "a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party[.]") Rather, Moore's counsel submitted an "Affirmation" in opposition to Bell's motion and in support of Moore's cross motion for sanctions. (Moore's Opp.). In his Affirmation, Moore's counsel indicates that Moore "adopts [Bell's] factual and procedural history for the sake of brevity." (*Id.,* ¶ 4). Moore's submission of only the Affirmation also violates Local Civil Rule 7.1, which requires parties to submit memoranda of law in support of and opposition to all motions, including motions for summary judgment.

[2] Perez described it as a K-turn, also called a three-point turn. (ECF No. 63, Ex. E ("Perez Dep.") 26:7–10). The difference between a K- and U-turn is immaterial.

front left bumper of the USPS truck struck Bell's vehicle on the passenger side. (Bell 56.1 ¶¶ 17,20). The collision pushed Bell's vehicle to the left across the street and into a driveway, where it came to rest. (Bell 56.1 ¶ 22).

II.  Procedural History

Plaintiff commenced this action on September 3, 2021. (Complaint, ECF No. 1 ("Compl.")). Following protracted pretrial proceedings, the case was reassigned to the undersigned on January 11, 2024. (Dkt. Entry dated 01/11/2024). The following week, the parties certified the close of all discovery. (Dkt. Entry dated 01/19/2024). The parties subsequently engaged in premotion letter practice in anticipation of the current motion. (ECF Nos. 49, 54-55). On April 23, 2024, Bell filed her fully briefed motion for summary judgment. (ECF Nos. 62–65). Plaintiff also cross moved for sanctions and costs along with opposing Bell's motion for summary judgment. (Moore's Opp.). Shortly afterwards, Plaintiff requested an oral argument. (ECF No. 66). The Court granted Plaintiff's request and held oral argument in June 2024. (Dkt. Entry dated 05/12/2024; Minute Entry, ECF No. 68).

**DISCUSSION**

I.  Legal Standards

 A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure requires that a district court grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" when "it might affect the outcome of the suit under the governing law." *Delorme v. New York*

*Auto. and Diesel Inst.*, 17-CV-6909 (KAM) (ST), 2020 WL 5848608, at *4 (E.D.N.Y. Sept. 30, 2020) (quoting *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011)). A dispute about a material fact is "genuine" when "there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party." *Borisova v. Friberg*, 18-CV-7440 (AMD) (SJB), 2023 WL 5045090, *3 (E.D.N.Y. Aug. 8, 2023) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact," *Animal Welfare Inst. v. Romero*, 718 F. Supp. 3d 252, 261 (E.D.N.Y. 2024) (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014)), and "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) and *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)). The movant may meet this burden by showing that the "adverse party cannot produce admissible evidence to support the fact." *Delorme*, 2020 WL 5848608, at *4 (quoting Fed. R. Civ. P. 56(c)(1)(B)).

    B. <u>Negligence</u>

To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate: (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; and (3) defendant's breach was the proximate cause of plaintiff's injury. *Laidlaw v. United States*, No. 16-CV-4681 (KAM) (ARL), 2019 WL 1313919, at *10 (E.D.N.Y. Mar. 22, 2019) (citing *Hodder v. United States*, 328 F. Supp. 2d 335, 341 (E.D.N.Y. 2004)).

New York drivers have a duty to exercise reasonable care in the operation of their vehicles, considering "actual and potential dangers existing from weather, road, traffic, and other conditions." *Hodder*, 328 F. Supp. 2d at 341 (citing *Baker v. Close*, 204 N.Y. 92, 97 (1912)) (citation omitted). This is a four-part duty: "(1) to maintain a reasonably safe rate of speed; (2) to have their automobiles under reasonable control; (3) to keep a proper lookout, under the circumstances then existing, to see and be aware of what was in their view; and (4) to use reasonable care to avoid an accident." *Id*. (internal citations omitted). Also, a defendant commits a *per se* breach of the duty of care if they violate a provision of the New York Vehicle and Traffic Laws ("VTL"). *Christian Sanchez v. U.S.*, No. 13-CV-2536 (JPO), 2015 WL 667521, at *2 (SDNY Feb. 17, 2015) (citing *Gray v. Wackenhut Servs., Inc.*, 446 F.App'x 352, 354 (2d Cir. 2011) and *Jones v. Radeker*, 32 A.D.3d 494, 496 (2d Dep't 2006)); *Desio v. Cerebral Palsy Transport, Inc.*, 121 A.D.3d 1033, 1034 (2d Dep't 2014); *Burghardt v. Cmaylo*, 40 A.D.3d 568, 569 (2d Dep't 2007).

II.   There Is No Genuine Dispute -- Bell Was Not Negligent

Here, there is no genuine dispute that Bell was not negligent. No reasonable juror viewing the video and considering the undisputed facts could conclude that Bell failed to satisfy her four-part duty of care under New York law (1) to maintain a reasonably safe rate of speed, (2) to have her vehicle under reasonable control, (3) to keep a proper lookout under the circumstances, and (4) to use reasonable care to avoid an accident. Indeed, aside from an unsupported allegation that Bell was traveling "at an unreasonably high rate of speed," Moore does not argue otherwise.[3] Rather, relying on VTL section

---

[3] Moore's Opp. at ¶ 6. Moore fails to cite to any evidence to support the contention that Bell was traveling "at an unreasonably high rate of speed" under the circumstances. (*Id.*). Such a contention is untenable. Even a cursory review of the video proves that both vehicles were traveling quite slowly. No reasonable juror could conclude otherwise.

5

1129, and presumably VTL section 1122, Moore contends that Bell was following Perez too closely and attempted to pass Perez "without giving sufficient time and space for the postal truck to sufficiently finish its maneuvers," respectively. (Moore's Opp. at ¶¶ 5-6). Neither contention carries any weight, either factually or legally.

New York drivers who follow a car too closely may be held liable for a collision under VTL § 1129, which states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." VTL § 1129(a). The purpose of VTL section 1129 is to prevent rear-end collisions, which did not occur here. Moreover, as Bell argues, she cannot be held liable under VTL section 1129 because she was not *following* Perez at the time of impact (Bell's Mot. 8-10). *E.g., Aldrich v. Sampier*, 2 A.D.3d 1101, 1103 (3d Dep't. 2003) (defendant driver could not be held liable under VTL § 1129 where plaintiff driver attempted a U-turn and struck defendant driver because defendant driver was no longer following plaintiff driver once plaintiff driver "pulled off the roadway onto the shoulder"); *see also Moe v. U.S.*, 668 F.Supp.2d 497, 509 (W.D.N.Y. 2009).

Courts have found drivers to have violated VTL section 1129(a) when they are directly behind another driver and so close that they are unable to timely stop and prevent a collision when the preceding driver makes a reasonable stop, which is not the case here. *See, e.g., Newkirk v. Safe Coach Bus, Inc.*, 218 A.D.3d 477, 478 (2d Cir. 2023) (bus driver liable for passenger's injuries after rear ending another vehicle due to bus driver's failure to "maintain a reasonably safe distance from the vehicle ahead."); *Ahmad v. Behal*, 221 A.D.3d 558, 558–59 (1st Dep't 2023) (at summary judgment stage defendant driver

6

liable for rear ending plaintiff three times after plaintiff foreseeably braked upon entering a construction zone with 15 mile per hour speed limit); *Grier-Key v. Lyons*, 195 A.D.3d 798, 799 (2d Dep't 2021) (defendant driver who stopped at yellow light and was rear-ended by plaintiff driver following too closely was not negligent, but instead plaintiff driver was negligent). The undisputed video evidence shows that Bell was no longer following Perez when the accident occurred. Bell is initially driving behind Perez, but then Perez turns on the right-turn signal, pulls over to the right, and begins to brake. (Bell Video). Bell then moves to the left and begins to pass Perez until Perez begins his U-turn to the left when Bell is *beside* Perez. (*Id.*). Even more, Bell submitted photo evidence of the damage to her vehicle, and the photograph shows a dent and scratches to the bottom of the passenger door. (ECF No. 63-9). Moore failed to produce any evidence of damage to the front of Bell's car or the back of USPS's vehicle to indicate a rear-end collision. (*See* Pl.'s Opp. and Cross Mot.). Bell has also failed to cite to any case law that is "on all fours" with her contention that VTL section 1129(a) applies in a situation where the collision occurs side-to-side, as opposed to rear-end. VTL section 1129(a) does not apply here.

Similarly, VTL section 1122 does not apply. Bell attempted to pass Perez only after Perez pulled over to the far-right side of the road with the right turn signal active and then honked her horn when Perez suddenly turned left. Bell thus attempted to pass at a safe distance and attempted an audible signal. *See Moe*, 668 F. Supp. 2d at 508–09 (finding that the passing vehicle's driver was not required to sound the horn because the overtaken vehicle was located on the shoulder of the road); *But see Williams v. City of New York*, 240 A.D.2d 734, 736 (2d Dep't 1997) (finding a bus driver liable under VTL

7

section 1122 for failing to ensure that there was a sufficient distance to pass a parked police car.)

Further, even if VTL sections 1129 and 1122 applied, the video evidence establishes that the emergency doctrine applies, rendering meritless Moore's claims against Bell. Under the emergency doctrine, a court may find a driver's conduct, when faced with a "sudden, unexpected circumstance," to be reasonable within those circumstances. *Bello v. New York City Transit Auth.*, 12 A.D.3d 58, 60 (2d Dep't 2004); *Ferrer v. Harris,* 55 N.Y.2d 285, 292 (1982) (a defendant may raise the emergency doctrine if "faced with a sudden, unexpected circumstance, not of their own making, leaving them with little or no time for reflection."). And Bell here reasonably responded to Perez suddenly attempting a U-turn to the left despite having an active right-turn signal. *See e.g., Santana-Lizardo v. New York City Tr. Auth.,* 186 A.D.3d 1176, 1176–77 (1st Dep't 2020) (finding that a bus driver faced an emergency situation, not of his own making, when a double-parked car made a sudden U-turn attempt); *Morales v. Chuquillanqui,* 159 A.D.3d 605 (1st Dep't 2018) (finding a co-defendant to have successfully raised the emergency doctrine by showing that the other defendant driver abruptly attempted an illegal U-turn leaving only seconds to respond); *Criollo v. Maggies Paratransit Corp.,* 155 A.D.3d 683, 684 (2d Dep't 2017) (finding the plaintiff driver to be free of comparative negligence because the defendant, who was stopped at a parking or merging lane, suddenly attempted a left U-turn leaving the plaintiff with only one or two seconds to react).

Accordingly, Bell's motion for summary judgment is granted and Moore's claims against Bell are dismissed.

III.   Moore's Motion for Sanctions is Denied

Relying on the New York Code, Rules, and Regulations ("NYCRR"), and New York case law, Moore urges the Court to sanction Bell for filing a frivolous motion. (Moore's Mot. at ¶¶ 8–12). Because Bell's motion is granted, however, sanctions are not warranted. Thus, Plaintiff's request to impose sanctions and costs against Bell's counsel is denied.

## CONCLUSION

For the foregoing reasons, Bell's motion for summary judgment is **GRANTED** and Moore's cross-motion for sanctions is **DENIED**.

SO ORDERED.

*Hon. Ramón E. Reyes, Jr.*  Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.03.10 14:22:00 -04'00'

RAMÓN E. REYES, JR.
United States District Judge

Dated: March 10, 2025
          Brooklyn, NY